Caria, per Dunkin, Chancellor.
A majority of the Court are of opinion that the decree should be affirmed. They are content to rest the decision on the fact that the original agreement, to which alone the defendants were parties, contained no provision, either express or implied, for procuring a charter of incorporation; and that, by the terms of the Act of December, 1837, the condition of the parties was materially changed.
In the view taken by the Court, it is not very important, whether the charter of incorporation restricted or enlarged the liability of the parties to the agreement. The Chancellor supposed the liability was enlarged. But if the position taken by the appellants be well founded, all the subscribers were originally liable, as partners, to an unlimited extent, the restriction in the agreement being confined to their liability to Capt. Pennoyer, for the cost of constructing the boat. Certainly if a portion of these partners obtain a charter, limiting the general liability of each partner, it is a material variance. Any co-partner might well say, that he became a member of the firm, in consequence of the strength and importance which is derived from the unlimited responsibily of the persons who composed the association. When the fundamental article is changed, it becomes a new agreement, a new contract, which has not been presented to him, and to which his assent is not to be implied.
The original agreement provides that “ the present capital of the company shall consist of two hundred and fifty shares, at five hundred dollars each,” or one hundred and twenty-five thousand dollars. By the Act of incorporation,, the capital is fixed at one hundred thousand dollars, with liberty to increase the same to five hundred thousand dollars ; and the corporation is also authorized to hold property, real and personal, not exceeding five hundred thousand dollars in value.
*101 By the terms of the original agreement, when two hundred shares, or one hundred thousand dollars, had been subscribed, the stockholders were to be called together, and directors elected. More than this amount had already been subscribed, and directors had been chosen.
The Act of incorporation itself, appoints directors of the company thereby established, and provides for the taking up by subscription of the whole, or any part of the capital. The last clause declares that the company shall not be considered a body corporate, until the whole amount of capital authorized shall have been actually subscribed. From this provision, it is manifest that all the subscribers to the original agreement, were not intended by the Act to-be included as existing members of the corporation, or that it contemplated a subscription to the whole amount; and, in the opinion of the Court, there is nothing in the original agreement which obliged the parties to it to subscribe to the stock, or accept the charter. The appeal is therefore dismissed.
B. F. DUNKIN.